UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Garrett<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Dexcom, Inc.,<br><br>　　　　　　　Defendant. | Case No.: 22cv02035-JO-MMP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS** |

On December 22, 2022, Plaintiff Dewayne Garrett filed a state law product liability action against Defendant Dexcom, Inc. in San Diego County superior court. Dkt. 12, Ex. A. That same day, Defendant filed a Notice of Removal of the action to this Court. Dkt. 1. On January 12, 2023, Defendant filed a motion to dismiss, and on January 23, 2023, Plaintiff filed a motion to remand the action to state court for lack of subject matter jurisdiction. Dkts. 6, 12. For the reasons stated below, the Court grants Plaintiff's motion to remand and denies Defendant's motion to dismiss as moot.

## I. BACKGROUND

Plaintiff initiated a product liability suit in state court but Defendant removed the action to federal court before Plaintiff effected service of the complaint. On December 22,

2022, Plaintiff filed a product liability complaint against Defendant, a citizen of California, in state court.  Dkt. 12, Ex. A.  That same day, Defendant filed a Notice of Removal to this Court on the basis of diversity jurisdiction, claiming the forum defendant rule did not bar removal because Defendant had not yet been served.  Dkt. 1.  Plaintiff served Defendant with the complaint on December 27, 2022.  Dkt. 12, Ex. B.  On January 23, 2023, Plaintiff filed a motion to remand the action to state court on the grounds that the removal was defective because Defendant, a forum defendant, could not remove on the basis of diversity jurisdiction.  Dkt. 12.[1]

## II. LEGAL STANDARD

A defendant may remove an action from state court only if the federal court would originally have had federal question or diversity jurisdiction over the action and certain procedural requirements are met.  *See* 28 U.S.C. § 1441; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Diversity jurisdiction requires complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332.  In order to remove an action on diversity grounds, a defendant must meet an additional requirement: according to the "forum defendant rule," a civil action may not be removed if any defendant "properly joined and served[] is a citizen of the State" where the complaint was filed.  28 U.S.C. § 1441(b)(2).  The forum defendant rule thus "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."  *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *see also Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004).  This rule reflects the reality that the need to "protect out-of-state defendants from possible prejudices in state court" does not exist where the defendant is a resident of the state in which the case is brought.  *Lively*, 456 F.3d at 940.  A party can waive the right to remand

---

[1] The case was transferred to the undersigned on February 7, 2023.  Dkt. 14.

based on the forum defendant rule by failing to object in a timely manner. *See* 28 U.S.C. § 1447(c); *Lively*, 456 F.3d at 940.

In considering a remand, the court construes any doubts against the removing party. There is a "strong presumption against removal jurisdiction," which means that "the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Luther v. Countrywide Homes Loans Servicing*, LP, 533 F.3d 1031, 1034 (9th Cir. 2008) ("[R]emoval statutes are strictly construed against removal."). Thus, a court must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III. DISCUSSION

The Court finds that this action must be remanded to state court because as a citizen of California, Defendant cannot remove this action on grounds of diversity jurisdiction. At the time of removal, Defendant was a citizen of California and, therefore, a forum defendant. Dkt. 1 (stating Defendant is a citizen of California and maintains its principal place of business in San Diego, California); *see also* 28 U.S.C. § 1332(c)(1) (for the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"). As a forum defendant, Defendant could not remove this action solely on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2).

Despite its admitted status as a California citizen, Defendant argues that it evaded the forum defendant rule simply by filing a Notice of Removal prior to being served.[2]

---

[2] Defendant does not raise other objections to remand such as untimeliness of Plaintiff's motion. The objection of untimeliness does not go to subject matter jurisdiction and is therefore waivable. *E.g.*, *Student A., By and Through her Guardian Ad Litem, Mother of Student A. v. Metcho et al.*, 710 F. Supp. 267, 269 (N.D. Cal. 1989) (citing *Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176–77 (1913)); *Hunter*, 582 F.3d at 1042 (holding defendant always has the burden of establishing that removal is proper, and that the

Defendant points to the language of § 1441(b)(2) which prohibits the removal of a diversity action "if any of the parties in interest properly joined and served as defendants." §1441(b)(2).  Because Dexcom, the only defendant in the case, had not yet been served, the company argued that the forum defendant rule does not apply.  The Court does not credit Dexcom's interpretation of this statutory language to circumvent the forum defendant rule.  The clear purpose of the forum defendant rule is to prevent "a local defendant from removing on the basis of diversity jurisdiction" and, thereby, "allow[] the plaintiff to regain some control over forum selection".  *Lively*, 456 F.3d at 940; *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("[W]hen federal jurisdiction is based on diversity jurisdiction…the case may not be removed if any defendant is a Citizen of the State in which such action is brought").  Here, Dexcom is the only defendant in the case and, admittedly, a California citizen.  To interpret the language of the forum defendant rule to allow Defendant to evade this limitation simply by removing the case before it is served does not serve the purpose of the removal statutes.[3]

## IV. CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's motion to remand [Dkt. 12] and DENIES Defendant's motion to dismiss [Dkt. 6] as moot.  The Court instructs the Clerk to remand the action to San Diego County Superior Court and close the case.

**IT IS SO ORDERED**.

---

court resolves all ambiguity in favor of remand to state court).  The Court therefore rules on the opposition to the remand motion only on the basis of the ground asserted.

[3] In 1948, Congress added the "properly joined and served" language to the existing forum defendant rule in order to protect defendants against gamesmanship from plaintiffs who fraudulently join a defendant to improperly prevent removal.  *See Deutsche Bank Nat'l Trust Co. as Tr. for Am. Home Mortgage Invest. Tr.*, 532 F. Supp. 3d 1004, 1010 (D. Nev. 2021) (examining legislative history of § 1441(b)(2)).

Dated: August 14, 2023

_____
Honorable Jinsook Ohta
United States District Judge